UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LaEDDIE COLEMAN, | ) |
| Plaintiff, | ) 3 09 0286 |
| v. | ) No. 3:09mc0022 |
| | ) Judge Trauger |
| SGT. JOSEPH PORCH, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Criminal Justice Center (CJC) in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Sergeant Joseph Porch and Corrections Officer (C/O) Christopher Algood, both of whom were employed at CJC at the time of the alleged events that gave rise to this action. The plaintiff seeks unspecified "compensation."

The amended complaint pertains to events that allegedly occurred on January 22, 2009.[1] (Docket Entry No. 5, ¶ IV, p. 3) The plaintiff asserts that, following an incident at breakfast, C/O Algood "pok[ed]" him in the chest, grabbed him by the shoulder, and forced him into the "ice box," where C/O Algood allegedly sprayed the plaintiff with "freeze." According to the plaintiff, he was taken to medical, where Sgt. Porch then punched him twice in the eye.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

---

[1] The plaintiff submitted an amended complaint (Docket Entry No. 5) at the same time that he responded to the court's February 18, 2009 order (Docket Entry No. 3) to correct specific defects in his application to proceed *in forma pauperis*. Although worded differently, the events alleged in the amended complaint are the same as those alleged in the original complaint.

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998) Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b) A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although the courts are required to construe *pro se* complaints liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The complaint does not specify in what capacity the defendants are being sued. The Sixth Circuit "require[s] § 1983 plaintiffs 'to set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials.'" *Shepard v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002)(quoting *Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989)); *see Beil v. Lake Erie Correction Records Dept*, 282 Fed Appx. 363, 376 (6th Cir 2008)(citing both *Shepard* and *Wells* for the proposition that § 1983 plaintiffs are required to specify in what capacity a defendant is sued).

Where no explicit statement appears in the pleadings, the Sixth Circuit uses a "course of proceedings" test to determine whether the § 1983 defendants have received notice of the plaintiff's intent to hold them personally liable. *See Shepard*, 313 F.3d at 967 (citing *Moore v. City of*

2

*Harriman*, 272 F.3d 769, 772 (6th Cir. 2001)(*en banc*); *see also Beil*, 282 Fed. Appx. at 367 (citing both *Shepard* and *Moore* for the proposition that Sixth Circuit applies the "course of proceedings" test in § 1983 actions). Under "course of the proceedings" test, federal courts examine "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint . . ." *Moore*, 272 F.3d 772 at n. 1.

In *Moore*, the Sixth Circuit held that the defendants were on notice that they were being sued in their individual capacity, because the complaint: 1) "list[ed] only the officers' names, not their official titles"; 2) the "complaint refer[red] to the officers throughout as the 'individual defendants'"; 3) the complaint alleged that the officers were "acting for themselves and for the city"; and 4) the plaintiff "sought compensatory and punitive damages against 'each of the defendants.'" *Id.* at p. 773. In this action, unlike *Moore*, the plaintiff identifies the defendants by their official titles in the style of the case, in the body of the complaint where the parties are identified, and in the statement of the facts. Moreover, in his amended complaint, the plaintiff seeks only unspecified "compensation."[2] Thus, under "course of the proceedings test" set forth in *Moore*, the defendants in this case are deemed not to be on notice that they are being sued in their individual capacity. Accordingly, the complaint is deemed to sue the defendants in their official capacity only.

"A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent, *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989), in this case, the County of Davidson. However, governmental entities cannot be held responsible for a constitutional

---

[2] The relief sought in the original complaint was "to press criminal charges," and "to press civil charges." (Docket Entry No. 1, ¶ V, p. 4)

deprivation, unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the County of Davidson. Consequently, the County of Davidson has no liability under § 1983 in this matter.

For the reasons explained above, the plaintiff is not entitled to relief under § 1983. Therefore, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge